## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

LONNIE JACOB RAGAN,        )
                          )
    Plaintiff,            )
                          )
v.                        )        CV621-042
                          )
LT. FNU BLAKELY *et al.*   )
                          )
    Defendants.           )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Lonnie Jacob Ragan, formerly an inmate at Georgia State Prison, filed a complaint concerning the conditions of his confinement there. *See generally* doc. 1. Because his original Complaint implicated potential claims, but failed to state any claim, the Court directed him to file an Amended Complaint. *See* doc. 9 at 3-8. The Court also directed him to submit the Prisoner Trust Fund Account Statement form, required to proceed *in forma pauperis*. *See id.* at 2-3. He complied with both directives. *See* doc. 10 (Prisoner Trust Fund Account Statement), doc. 11 (Amended Complaint). Accordingly, the Court proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Ragan is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The United States Supreme Court has explained that, although the pleading standard under the Federal Rules of Civil Procedure, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). The Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Characterizations of a defendant's

2

Case 6:21-cv-00042-JRH-CLR   Document 15   Filed 06/21/22   Page 3 of 11

conduct as unlawful are " 'legal conclusion[s]' and, as such, . . . not entitled to the assumption of truth." *Id.* at 680 (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)).

Ragan's Amended Complaint suggests various claims, peppered with legal terminology, but never alleges sufficient facts to support any claim. His Amended Complaint identifies the bases of his claims as "excessive force, unauthorized extraction[,] [d]ue [p]rocess[,] deliberate indifference to serious risk or harm[,] 8th and 14th Amdnement[,] cruel and [u]nusual [p]unishment, [d]ue [p]rocess – [l]oss of liberty[,] property[,] access to the courts." Doc. 11 at 3. In the section of the form complaint seeking "the facts underlying your claim(s)," he responds:

> I was being targeted by inmates per officer Milken[']s threats, after a flood in K-2, I was cuffed and assaulted by Milken until[ ] I used the bathroom on myself. Again Blakely and Mike Jone did illegal[ ] extractions in E-4 and E-3. I was kept in the dark for months before being transferred to Telfair.

*Id.* at 5. Finally, in an attachment titled "Exhibit 1," he alleges:

> I was denied medical care. Made to detox of mental health meds, serious detox without Doctor[']s care. I wasn't feed sometimes. I had to knife fight in E4 at the flap for my peanut butter sandwich. My laundry was stolen over and over again. I wasn't given clean clothes. I had to buy my own clothes. I stayed in bloody clothes for weeks without shower. Sick calls denied medical treatment and mental health treatment was inadequate. CSU was one place the[y] played sounds over the

inner comm [sic].  People screaming, animal sounds, women
screaming, etc.  I didn't go outside for over a year.  People
threw [feces] at my cell then the two extractions.  Both was
una[u]thorized but exces[s]ive force.  The[y] allowed inmates
to steal my property, pictures, store clothes, electronics.
Striped celled, [feces] covered room, toilet didn[']t work.

*Id.* at 12.

As the Court explained in its previous Order screening his original

Complaint, Ragan's allegations "implicate a number of potential claims,

but do not state any actual, viable claim."  Doc. 9 at 5.  Most of his

allegations suggest claims that require some defendant's "deliberate

indifference."  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("In

prison-conditions cases [the required] state of mind is one of 'deliberate

indifference' to inmate health or safety. . . .").  The absence of any

allegation that any defendant knew about the conditions Ragan alludes

to is fatal to any such claim.  *See, e.g., Hoffer v. Sec'y, Fla. Dept. of Corrs.*,

973 F.3d 1263, 1270 (11th Cir. 2020) ("deliberate indifference" requires,

among other elements, "that the prison officials . . . had subjective

knowledge . . . ." (internal quotation marks and citations omitted)). Thus,

even assuming that the Court could discern an objectively serious

4

condition or medical need—and Ragan's allegations are too vague to

permit such an inference[1]—his claims fail.

Ragan's "excessive force" claims are also too vague to state a claim.

Although "[t]he Eighth Amendment's proscription of cruel and unusual

punishments . . . governs prison officials' use of force against convicted

inmates," a prisoner alleging such a claim "must meet an intent

---

[1] The Court can discern several allegations that *might* support constitutional claims. First, Ragan alleges threats by other inmates, but only vaguely. *See* doc. 11 at 5 (alleging that Ragan was "targeted by inmates"), 12 (alleging that Ragan "had to knife fight . . . at the flap for [his] peanut butter sandwich."). *Cf., e.g., Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (to support a deliberate indifference claim "officials must possess enough details about a threat to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'"). Second, he alleges conditions that, if sufficiently egregious, could violate the Eighth Amendment, but provides no context to permit an evaluation of their seriousness. *See* doc. 11 at 5 (alleging "I was kept in the dark for months before being transferred to Telfair."), 12 (alleging Ragan "wasn't given clean clothes," was subjected to "sounds over the inner comm. [sic]," and "didn't go outside for over a year."). *Cf., e.g., Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (noting "[t]his court has never set a minimum amount of time a prisoner must have access to outdoor recreation."); *Lunsford v. Bennett,* 17 F.3d 1574, 1580 (7th Cir. 1994) ("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); *Gibson v. Mann*, 2015 WL 13736270, at *3 (N.D. Ga. Jan. 15, 2015) ("[L]ack of underwear or socks for three months [is] not ideal conditions, but [is] not [an] extreme condition[ ] required for a constitutional violation in a jail setting."); *Washington v. Dalarosa*, 2010 WL 582126, at *2 (E.D. Cal. Feb. 12, 2010) ("Courts have found lighting conditions to be inadequate if they cause inmates to suffer health problems . . . ." (citations omitted)). However, as *Iqbal* explained, the pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully. [Cit.] Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

requirement more stringent that *Farmer*'s deliberate-indifference standard: [he] must prove that force was applied maliciously and sadistically for the very purpose of causing harm." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (internal quotation marks, alterations, and citation omitted). The allegations of "unauthorized" or "illegal" "extractions," *see* doc. 11 at 5, 12, are simply too vague for the Court to discern what force was applied, much less that it was applied "maliciously" or "sadistically." Ragan's allegation that he "was cuffed and assaulted by Milken until [he] used the bathroom . . . ," *id.* at 5, comes closer to an allegation of excessive force. *See, e.g., Jackson v. Catanzariti*, 2019 WL 4874809, at *25 (S.D. Ga. Oct. 2, 2019) (discussing cases involving excessive force against restrained prisoners). Nevertheless, there is no allegation—nor any fact alleged from which the Court might infer—that Milken acted with the requisite intent. *Cf. Davidson v. Murray*, 371 F. Supp. 2d 361, 376 (W.D.N.Y. 2005) (noting that where plaintiffs do not allege malicious intent, "courts . . . have not hesitated to dismiss excessive force claims on the pleadings . . . ." (citations omitted)); *Roberts v. Khounphixay*, 2019 WL 1765325, at *3-*4 (W.D. Wash. Apr. 22, 2019) (dismissing excessive force claim because "the Court cannot

conclude that Plaintiff's amended pleading satisfies the intent prong necessary for an Eighth Amendment excessive force claim"). Ragan has, therefore, failed to plead any excessive force claim.

Ragan's Amended Complaint fails to allege that any defendant was deliberately indifferent to the conditions of his confinement or his serious medical needs. It also fails to allege that any defendant subjected him to excessive force, with the requisite intent. Since Regan has failed to state any claim upon which relief may be granted, his Amended Complaint should be **DISMISSED**. 28 U.S.C. § 1915A(b)(1).

The Court notes that Ragan's Amended Complaint requests appointed counsel. *See, e.g.,* doc. 11 at 4 ("I need leave for lawyer[,] I am mentally disabled."). Ragan has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as

where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). There is no indication that Ragan has been unable to present "the essential merits of his position" to the Court. *Id.* There is a lack of factual allegations, but no apparent ambiguity in his Complaint. The facts as presented do not

show any "exceptional circumstance" that warrants appointment of counsel.  To the extent that Ragan's Amended Complaint incorporated a request for appointed counsel, his request is, therefore, **DENIED**.

Finally, the Court notes that Ragan has sent correspondence to the Court, addressed to the District Judge assigned to this case.  *See* doc. 13. He seeks the "court's intervention," *id*. at 1, and requests, specifically, that the District Judge "inform [him] on what actions [he] may take while waiting for relief on [his] case," *id*. at 2.  First, letters to judges are not the appropriate way to request any relief.  *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort . . ., it must be contained within a *motion* . . . [, i]t cannot be requested in a personal *letter* to a judge."). Second, "[o]f course, this Court cannot give legal advice." *Mikell v. United States*, 2009 WL 3201769, at *1 (S.D. Ga. Oct. 6, 2009).  To the extent that Ragan seeks any further relief in this case, he must file a motion requesting it.

Finally, it is time for plaintiff to pay his filing fee.  Based on the only financial information available, it appears that the average monthly balance in Ragan's account was $171.66.  *See* doc. 10 at 1.  He, therefore,

9

owes an initial partial filing fee of $34.33.  *See* 28 U.S.C. § 1915(b)(1)

(requiring an initial fee assessment "when funds exist," under a specific

20 percent formula).  Plaintiff's custodian (or designee) shall further set

aside 20 percent of all future deposits to his account, then forward those

funds to the Clerk each time the set aside amount reaches $10.00, until

the balance of the Court's $350.00 filing fee has been paid in full.  In the

event that plaintiff is transferred to another facility, his present

custodian shall forward a copy of this Order and all financial information

concerning payment of the filing fee and costs in this case to his new

custodian.   The balance due from plaintiff shall be collected by the

custodian at all future facilities in accordance with the terms of this

Order.   The payment portion of this Order is to be implemented

immediately, as it is not subject to the adoption provision of Fed. R. Civ.

P. 72(b).

This Report and Recommendation (R&R) is submitted to the

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

and this Court's Local Rule 72.3.  Within 14 days of service, any party

may file written objections to this R&R with the Court and serve a copy

on all parties.   The document should be captioned "Objections to

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA