UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| LONNIE JACOB RAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV621-042 |
| ) | |
| LT. FNU BLAKELY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) of June 21, 2022, (doc. no. 15), to which objections have been filed, (doc. no. 16). The Magistrate Judge recommended dismissal of Ragan's Amended Complaint because although it suggested claims, it did not allege sufficient facts to support any claim. (Doc. no. 15 at 3). The Magistrate Judge also denied Ragan's request for court-appointed counsel. (See id. at 7-9.) His objection renews that request. (See doc. no. 16 at 1.)

Ragan's Objection does not identify any defect in the Magistrate Judge's analysis. (See generally doc. 16.) Instead, it appears to assert additional claims. Ragan first states, in a wholly conclusory fashion, that he has "been mentally and emotionally abused," and that he now suffers from a "Vit[a]min D deficiency." (Id. at 1.) His Amended Complaint does not include any mention of such a condition. (See generally doc. 11.) Although his allegation of a vitamin deficiency might implicate a claim that some defendant was deliberately indifferent to his serious medical needs, any such claim still suffers from the failure to allege any defendant's deliberate indifference. (See doc. no. 15 at 4 (citing Hoffer v. Sec'y, Fla. Dept. of Corrs., 973 F.3d 1263,

1270 (11th Cir. 2020)); see also, e.g., Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (deliberate-indifference-to-medical-needs claims require that each defendant be "judged separately and on the basis of what that person knows.").

In addition to Ragan's failure to identify any particular defendant who had the requisite subjective knowledge of his vitamin deficiency, his Objection continues to assert deliberate indifference in only the most vague and conclusory fashion. He refers to "grievances" and that "[t]hese prison officials knew of and disregarded an excessive risk to [his] health and safety." (Doc. no. 16 at 2.) The closest he comes to alleging any fact that suggests a defendant had subjective knowledge of any condition is his vague assertion that "the [g]uards in the Complaint . . . knew what was happening because they were creating the environment." (Id. at 2.) As the Magistrate Judge explained, " '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, don not suffice,'" to state a claim. (Doc. no. 15 at 2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Ragan's Objection does not supply the factual allegations the Magistrate Judge found lacking. He has, therefore, done nothing to undermine the Magistrate Judge's recommendation of dismissal.

Ragan's Objection also renews his request for court-appointed counsel. (See doc. no. 16 at 1.) He suggests that his failure to sufficiently allege any claim upon which relief may be granted "shows that [he] is not mentally capable of presenting the 'essential merits' without a trained practitioner." (Id. at 1.) Despite that assertion, the Court does not find any indication that Ragan is unable to present his claims. His pleadings, while not perfectly clear, are comprehensible. The fundamental defect in all of his pleadings is his failure to allege that any particular defendant was deliberately indifferent to any of the allegedly unconstitutional conditions. That basic factual gap in his pleadings does not amount to an "exceptional circumstance" sufficient to merit appointed

counsel. (See doc. no. 15 at 7-8 (citing, e.g., Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)). Ragan's renewed request for appointed counsel is, therefore, **DENIED**.

Accordingly, the Court **ADOPOTS** the Report and Recommendation, (doc. no. 15), as its opinion, as supplemented above. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.") Plaintiff's Amended Complaint is **DISMISSED**. (Doc. no. 11.) The Clerk of Court is **DIRECTED** to close this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of November, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA